IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CECIL ELSTON,**

                      **Plaintiff,**

                                            **CIVIL ACTION**
      **vs.**                                              **No. 05-3173-GTV**

**KATHLEEN SEBELIUS, et al.,**

                      **Defendants.**

### ORDER

Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. 1983. By an order dated April 20, 2005, the court directed plaintiff to show cause why this action should not be dismissed, pursuant to Taylor v. Sebelius, 350 F.Supp.2d 888 (D.Kan. 2004), as stating no claim for relief. See 28 U.S.C. 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

In response, plaintiff states his "claim" is for reimbursement of approximately $400 in parole supervision fees paid to the Kansas Department of Corrections.

Plaintiff's prayer for damages is insufficient on its own to establish legally sufficient allegations for the purpose of seeking relief under 42 U.S.C. 1983. To allege a valid claim for relief under 42 U.S.C. 1983, a plaintiff must assert the denial of a right, privilege or immunity secured by federal law.

Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992).

In Taylor, the prisoner plaintiff alleged that state regulations imposing a $25.00 monthly supervision fee on parolees was an unlawful bill of attainder, and violated the prisoner's rights under the ex post facto clause or the Fifth, Eighth, and Fourteenth Amendments. Taylor, 350 F.Supp.2d at 893. The court examined and rejected each of these claims, finding the challenged regulation did not violate any of these constitutional rights of the prisoner plaintiff. Id. at 894-900.

Here, plaintiff raises the very same allegations, but provides no information or argument to distinguish his claims from those already considered and rejected in Taylor. The court thus finds plaintiff's allegations fail to state a cognizable claim of constitutional deprivation, and concludes the complaint should be dismissed because plaintiff presents no valid basis for obtaining relief under 42 U.S.C. 1983.

IT IS, THEREFORE, BY THE COURT ORDERED that the complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 20th day of May 2005.

/s/ G. T. VanBebber
G. T. VANBEBBER
United States District Judge